**[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 613.]**

THE STATE OF OHIO, APPELLEE, *v.* BUSCH, APPELLANT.

**[Cite as *State v. Busch*, 1996-Ohio-82.]**

*Criminal procedure—Domestic violence complaint—Trial court has discretion to sua sponte dismiss a criminal case over the objection of the prosecution where the complaining witness does not wish for the case to proceed.*

A trial court has the discretion to *sua sponte* dismiss a criminal case over the objection of the prosecution where the complaining witness does not wish for the case to proceed.

(Nos. 95-1683 and 95-1893—Submitted June 4, 1996—Decided October 9,1996.)

APPEAL from and CERTIFIED by the Court of Appeals for Franklin County, Nos. 94APC11-1670 and 94APC11-1671.

_____

{¶ 1} This case arises out of two domestic violence complaints dealt with jointly in the Franklin County Municipal Court. The first complaint concerned an incident which occurred on June 14, 1994, when defendant-appellant, Warren Busch, allegedly struck his girlfriend, Dorothy Cordiano, in the face. The second complaint arose on July 25, 1994, when Busch allegedly dragged Cordiano down some stairs and burned her with a cigarette. Cordiano filed both complaints on July 28, 1994, and Busch was charged with two counts of domestic violence, in violation of R.C. 2919.25(A), and two counts of assault, in violation of R.C. 2903.13(A). All the charges were misdemeanors.

{¶ 2} About a week later, on August 5, 1994, after she had hired her own attorney, Cordiano signed an affidavit stating that she did not want to go forward with any criminal charges against Busch. Cordiano also stated in the affidavit that she feared police and prosecutors would pressure her to go forward with the

charges, and requested that the prosecutor and the detectives working the complaints leave her alone.

{¶ 3} On September 7, 1994, Cordiano testified at a scheduled pretrial that she still wished to have the charges dropped. The court was not persuaded to dismiss the charges at that time, but instead ordered Busch and Cordiano to enter counseling prior to the trial, which was scheduled for October 4, 1994.

{¶ 4} On October 4, Cordiano reiterated her desire for the charges to be dropped, but the court rejected Busch's motion for dismissal, and continued the matter. Again, on October 12, 1994, Cordiano's desire to have the charges dismissed was discussed in court. She testified under oath that she had three children, ages three, eighteen months, and five months. Although Busch was the natural father of only the youngest child, Cordiano testified that Busch was more of a father to the older children than their real father. She informed the court that she and Busch had attended three counseling sessions in the previous a month and a half, and that they were waiting for a call for another session. Cordiano wanted the charges dismissed because she still desired a family relationship with Busch. She testified that they had had a really great relationship prior to the incidents of abuse, and noted that the abuse had occurred during a difficult time.

{¶ 5} Cordiano testified further that she did not fear that Busch would ever assault her again, and that no one coerced her to seek the dismissal of the charges. She stated that she had had discussions with people in the prosecutor's office and from the witness assistance program, and still wished to have the charges dismissed. The court reserved ruling on the dismissal, and again continued the cases.

{¶ 6} On October 19,1994, Cordiano reiterated to the trial court her desire to have the charges dismissed. Again, she testified that she did not fear a repeat of Busch's behavior, and stated that she was not being coerced into making her decision. The state did not advocate dismissing the charges.

**{¶ 7}** By entries filed on October 19, 1994, the trial court dismissed the charges against Busch. The trial judge stated the following on the record:

"* * * The entry will read that the charges against you in both cases will be dismissed at this time at the request of the prosecuting witness. The dismissal will be over the objections of the prosecutor's office.

"* * *

"* * * I want the record to reflect that the prosecuting witness has been down here on a number of occasions now; she has appeared when she was subpoenaed to be here; and on a number of occasions, she has come in stating that this is her desire. The prosecutor's office has made it very clear, both to the Court and to the prosecuting witness, their position on this matter. However, these are two adults. These parties think they can work their problems out. And this branch of the Court doesn't think it should stand in their way of doing that."

**{¶ 8}** The trial judge went on to admonish Busch:

"However, Mr. Busch, I want you to understand that if this young lady comes back and has to file charges against you, and there are the allegations the next time that there were this time, with the types of pictures that were in the file that I did get the opportunity to review, I will not agree to dismiss the charges against you. If I am the * * * judge that sets bond, it's very likely that you'll sit in jail until this case comes up for trial. And if I have to hear the trial, we will have a trial the next time around. Is that clear?"

**{¶ 9}** The state appealed the dismissals, arguing that the trial court exceeded its discretion to the prejudice of the prosecution by dismissing *sua sponte* the charges of domestic violence and assault upon the request of a prosecuting witness and over the objection of the prosecution. The court of appeals agreed, holding that the trial court lacked the authority to dismiss the charges over the objection of the prosecution.

**{¶ 10}** Finding its judgment in conflict with the judgment of the Cuyahoga County Court of Appeals in *Cleveland v. Hall* (Mar. 10, 1983), Cuyahoga App. No. 45179, unreported, 1983 WL 5829, the court of appeals entered an order certifying a conflict. This cause is now before this court upon our determination that a conflict exists. The matter is also before this court upon the allowance of a discretionary appeal.

———————————

*Ronald J. O'Brien*, City Attorney, *David M. Buchman*, City Prosecutor, and *Jodi M. Finch*, Assistant City Prosecutor, for appellee.

*Judith M. Stevenson*, Franklin County Public Defender, and *John W. Keeling*, Assistant Public Defender, for appellant.

———————————

**PFEIFER, J.**

**{¶ 11}** We hold that a trial court has the discretion to *sua sponte* dismiss a criminal case over the objection of the prosecution where the complaining witness does not wish for the case to proceed.

**{¶ 12}** We need look no further than Crim.R. 48(B) for authority for trial judges to dismiss criminal actions *sua sponte*. The rule reads:

"*Dismissal by the court.* If the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal."

**{¶ 13}** Crim.R. 48(B) recognizes by implication that trial judges may *sua sponte* dismiss a criminal action over the objection of the prosecution, since the rule sets forth the trial court's procedure for doing so. The rule does not limit the reasons for which a trial judge might dismiss a case, and we are convinced that a judge may dismiss a case pursuant to Crim.R. 48(B) if a dismissal serves the interests of justice.

4

{¶ 14} Trial judges are at the front lines of the administration of justice in our judicial system, dealing with the realities and practicalities of managing a caseload and responding to the rights and interests of the prosecution, the accused, and victims. A court has the "inherent power to regulate the practice before it and protect the integrity of its proceedings." *Royal Indemn. Co. v. J.C. Penney Co.* (1986), 27 Ohio St.3d 31, 33-34, 27 OBR 447, 449, 501 N.E.2d 617, 620. Trial courts deserve the discretion to be able to craft a solution that works in a given case. Certainly a court's resources in a domestic violence case are better used by encouraging a couple to receive counseling and ultimately issuing a dismissal than by going forward with a trial and impaneling a jury in a case where the only witness refuses to testify.

{¶ 15} We do not suggest that in every domestic violence case where the victim refuses to testify a trial judge has the unfettered power to dismiss the case. The seriousness of the injuries, the presence of independent witnesses, the status of counseling efforts, whether the complainant's refusal to testify is coerced, and whether the defendant is a first-time offender are all factors a trial judge should consider, and factors that a reviewing court may consider in determining whether the trial court abused its discretion.

{¶ 16} In this case, the trial judge did not abuse his discretion in dismissing the charges. Although Cordiano's injuries were relatively serious, Busch had not physically abused her before or after the incidents at issue. The record is devoid of evidence other than Cordiano's testimony that might prove a case against Busch. The trial court methodically over a period of at least a month determined that Cordiano was not being coerced and truly did not wish to testify. The court had her August 5, 1994 affidavit to that effect. She so testified under oath in a pretrial, on two other occasions when the trial was continued, and finally on the day when the charges were dismissed. The trial judge made sure the couple was in counseling, that Cordiano wanted to see the charges dropped, and that she was not being

coerced. The trial court knew that Cordiano had spoken with prosecutors and a representative of the prosecutor's witness assistance program. Cordiano also testified that she did not fear a flare-up in Busch's behavior.

{¶ 17} An abuse of discretion implies that the trial court's attitude, as evidenced by its decision, was unreasonable, arbitrary, or unconscionable. *State v. Jenkins* (1984), 15 Ohio St.3d 164, 222, 15 OBR 311, 361, 473 N.E. 264, 313. The trial court in this case handled the case well. It was not until Cordiano had testified on several occasions that the trial court finally dismissed the charges. Until that point, the court used a possible dismissal as an incentive for the couple to continue in counseling.

{¶ 18} In this case, the trial court used its judicial power to do its best with a matter which no longer seemed to fit the court system. Trial judges have the discretion to determine when the court has ceased to be useful in a given case. The trial judge made a permissible determination here.

{¶ 19} Accordingly, we reverse the judgment of the court of appeals.

*Judgment reversed.*

MOYER, C.J., RESNICK and F.E. SWEENEY, JJ., concur.

STRATTON, J., concurs separately.

DOUGLAS and COOK, JJ., dissent.

_____

**STRATTON, J., concurring.**

{¶ 20} While I agree that the facts in this case justify the trial court's decision to dismiss on the basis of the court's discretion, that discretion should be cautiously exercised in domestic violence cases, in particular, when the motion is predicated on the victims' unwillingness to testify against their abusers.

{¶ 21} In cases of domestic abuse, victims of battering often try to escape from their abusive partners, only to return once the immediate shock of the attack

has receded or when the abusers "repent" and promise to change their behavior. All too frequently, these tragedies play out in the courts, as battered victims initially agree to testify against their abusers, only to drop the charges once the victims have convinced themselves that the abusive behavior was a passing aberration. Often, the victims have no income, nowhere to go, young children to consider, and may truly love their partners and believe that the future holds hope. Sometimes, if victims continue to press charges, they are further threatened by their abusers and drop the charges out of fear. Both police and trial courts are frequently frustrated by dealing initially with a distraught and injured victim who shows up weeks later to abruptly drop all charges.

{¶ 22} In this case, the trial court exercised careful discretion, continued the case several times to be sure the pattern did not recur and that counseling continued, gave the victim time to think, and carefully questioned her motives in dropping the charges. Therefore, the judge did not abuse his discretion in dismissing the charges.

{¶ 23} However, there may clearly be times that the prosecution should be permitted to move forward despite the victims' objections, especially when a pattern of abuse continues and all the pressures previously mentioned weaken the victims' resolve to pursue their abusers, or if the victims fear even greater retaliation if the case is pursued by the victims themselves. Society would never tolerate such assaults against total strangers. Such conduct should not be excusable or somehow less egregious because one is in a marriage or partnership. In these circumstances, the court must provide the forum to call abusers to account for their actions.

––––––––––––––––––

**COOK, J., dissenting.**

{¶ 24} Because a criminal case is a controversy between the defendant and the state, a court errs in dismissing a criminal complaint over the objection of the state, solely to accommodate the wishes of a complaining witness.

{¶ 25} Cordiano's lack of interest in and opposition to the prosecution of Busch are of no moment. The state of Ohio is the complaining party in this case. Cordiano is, at most, a potential witness for the real party. Although the majority suggests that the prosecution in this case could not proceed without Cordiano's testimony, we do not know that from the record on appeal. The trial judge made no such finding. Moreover, there is no apparent reason why Cordiano could not be compelled to testify against her boyfriend.

{¶ 26} The majority construes Crim. R. 48(B) to permit dismissal of a criminal case whenever the "dismissal serves the interests of justice." The "interests of justice" in the criminal law discipline are punishment and deterrence of criminal behavior. This may well be different from the sociological or theological "interests of justice" that appear to have motivated the trial court here and in turn the majority of this court. See *Dayton v. Thomas (*1980), 17 O.O.3d 255, 256-257. "Courts do not assume the authority of enforcing the precepts of mere morality, nor is it their function to declare the law of social ethics." *Id.*, 17 O.O.3d at 256, citing *State v. Baxter* (1914), 89 Ohio St. 269, 283, 104 N.E. 331, 335. The time to consider facts that occurred outside the crime is in sentencing. *Thomas*, *supra*, 17 O.O.3d at 257.

{¶ 27} The majority concludes that since Crim. R. 48(B) does not limit the reasons that a trial judge might dismiss a case, it thereby grants broad discretion bounded only by serving the "interests of justice." I respectfully disagree. Crim. R. 48(B) is procedural, not substantive. "[T]he rule does not alter the pre-rule Ohio practice concerning the court's inherent power to dismiss." *State v Sutton* (1979), 64 Ohio App.2d 105, 108, 18 O.O.3d 83, 85, 411 N.E.2d 818, 821. In fact, the rule

requires the court to specify the reason for dismissal so that it may be reviewed for its validity.

{¶ 28} A survey of recent cases confirms that courts have properly exercised inherent power to dismiss cases over the objection of the state for (1) want of prosecution, (2) regulation of the practice before the court, such as dismissal for prosecutorial misconduct, and (3) preservation of the defendant's statutory and constitutional rights, including speedy trial and double jeopardy issues. See, *e.g*., *State v. Hancock* (1990), 67 Ohio App.3d 328, 586 N.E.2d 1192; *Sutton*, *supra*; *State v. Long* (May 8, 1979), Jefferson App. No. 1290, unreported.

{¶ 29} The case found to be in conflict with the instant case, *Cleveland v. Hall (Mar. 10, 1983),* Cuyahoga App. No. 45179, unreported*,* 1983 WL 5829, states that it is improper for a trial court to dismiss the complaint just because the complaining witness changes her mind. In *Dayton v. Thomas*, *supra,* the appellate court similarly found that "[w]hen the trial judge sustained defense counsel's motion for dismissal simply because the prosecuting witness did not wish to proceed, he deprived the State of Ohio [of] its right to a fair trial." *Id*. 17 O.O.3d at 257.

{¶ 30} The "inherent powers" rationale of the majority fails to bolster its position. To dismiss a complaint is not, as the majority states, within the purview of "'regulat[ing] the practice before [a court] and protect[ing] the integrity of its proceedings.'" As the court in *Thomas* posited, "inherent powers" has not been applied independently of the judicial process--that is, as a factor not connected with determining or expediting the determination of judicial controversies. *Id.* Courts do not have inherent power to reject the judicial process as a means of determining controversies, over the objection of a party to a case. *Id.*

{¶ 31} I therefore respectfully dissent. I would affirm and hold that a trial court lacks authority to dismiss charges solely to assuage the complaining witness.

DOUGLAS, J., concurs in the foregoing dissenting opinion.

_____