On August 30, 1998, defendant-appellee, Steven B. Clipner, was charged with domestic violence, a violation of R.C.2919.25(A), and assault, a violation of R.C. 2903.13(A). The complainant was Deputy Christopher T. Ault. The charges arose out of an incident involving appellee's wife, Jorda E. Clipner.
Appellee pled not guilty and the matter was set for trial on October 22, 1998. On that date, the prosecution requested a continuance until October 29, 1998, in order to personally serve Jorda Clipner with a subpoena. On October 29, 1998, the defense renewed its motion to dismiss because the victim had again failed to appear for trial. The prosecution objected to the motion to dismiss and informed the trial court that it was ready to proceed without the testimony of the victim. The trial court granted the motion to dismiss and the state has appealed, raising the following assignments of error:
APPELLANT'S FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY DISMISSING THE CHARGES OF DOMESTIC VIOLENCE AND ASSAULT OVER THE OBJECTION OF THE PROSECUTION, BASED SOLELY UPON THE NON-APPEARANCE OF THE VICTIM ON THE TRIAL DATE IN VIOLATION OF OHIO REVISED CODE SECTION 1901.20(a)(2).
 APPELLANT'S SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING THE CHARGES AGAINST THE APPELLEE, OVER THE OBJECTION OF THE PROSECUTION, WHEN THE COURT FAILED TO CONSIDER THE FIVE FACTORS ARTICULATED BY THE OHIO SUPREME COURT IN STATE V. BUSCH (1996), 76 OHIO ST. 3d 613.
 APPELLANT'S THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING THE CHARGES AGAINST THE APPELLEE, OVER THE OBJECTION OF THE PROSECUTOR AND PURSUANT TO CRIMINAL RULE 48(B), WHEN THE COURT FAILED TO FIND EITHER THAT A DEPRIVATION OF DEFENDANT'S CONSTITUTIONAL AND/OR STATUTORY RIGHTS EXISTED OR THAT THE DISMISSAL SERVED THE INTERESTS OF JUSTICE.
By the first assignment of error, appellant contends that the trial court erred by dismissing the charges against appellee over the objection of the state, based solely upon the non-appearance of the victim. Appellant contends that R.C.1901.20(A)(2) prohibits the trial court from dismissing the charges under these circumstances. R.C. 1901.20(A)(2) provides:
 (2) A judge of a municipal court does not have the authority to dismiss a criminal complaint, charge, information, or indictment solely at the request of the complaining witness and over the objection of the prosecuting attorney, village solicitor, city director of law, or other chief legal officer who is responsible for the prosecution of the case.
This section prohibits a trial court from dismissing a complaint, over the objection of the prosecutor solely at the request of the complaining witness. The most recent enactments of the Ohio General Assembly "evince the plain intention of the General Assembly to provide prosecutors, on behalf of the state, the discretion to proceed with a domestic violence complaint without the active participation of, and perhaps even in the face of open opposition from, the victim. R.C. 2935.03(B)(3)(e)(ii)."Cleveland v. Hogan (1998), 92 Ohio Misc.2d 34, 43.
R.C. 1901.20(A)(2) is not applicable here because the complaining witness was Deputy Ault, not the victim Jorda Clipner. Thus, the trial court erred in dismissing a case where, although the victim was not present, the victim was not the complaining witness and the prosecution was ready and willing to proceed. Appellant's first assignment of error is well-taken.
By the second assignment of error, appellant contends that the trial court erred in dismissing the charges over its objection when the court failed to consider the five factors articulated by the Supreme Court of Ohio in State v. Busch (1996),76 Ohio St.3d 613. In the syllabus of Busch, the court found that a trial court has the discretion to sua sponte dismiss a criminal case over the objection of the prosecution where the complaining witness does not wish for the case to proceed.
Appellant argues, and the court in Hogan found, thatBusch was, in effect, overruled by R.C. 1901.20(A)(2). Regardless of whether Busch remains valid, the factors provided inBusch still provide valuable guidelines which a court should consider before dismissing a charge in a domestic case. The factors are: "The seriousness of the injuries, the presence of independent witnesses, the status of counseling efforts, whether the complainant's refusal to testify is coerced, and whether the defendant is a first-time offender." Busch, at 616. The trial court here did not consider any of the above factors. The trial court inquired as to the prosecution's success of personal service upon the victim and asked appellee whether he and the victim were still married. When appellee responded "yes," the trial court dismissed the charges. The prosecution stated that there were significant visible injuries, independent witnesses were scheduled to testify and the complainant was not the victim. Given these circumstances, the trial court erred in dismissing the charges without considering the factors as set forth in Busch. Appellant's second assignment of error is well-taken.
By the third assignment of error, appellant contends that the trial court erred in dismissing the charges, pursuant to Crim.R. 48(B), when the court failed to find either that a deprivation of appellee's constitutional and/or statutory rights existed or that the dismissal served the interests of justice. Crim.R. 48(B) provides:
(B) Dismissal by the court
 If the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal.
In State v. Sutton (1979), 64 Ohio App.2d 105, 108, the court held that a trial court's inherent power to dismiss includes "the right to dismiss with prejudice only where it is apparent that the defendant has been denied either a constitutional or a statutory right, the violation of which would, in itself, bar prosecution." Here, the trial court did not make a determination that appellant was deprived of his constitutional or statutory rights, or that the dismissal served the interests of justice. The dismissal was in error and appellant's third assignment of error is well-taken.
For the foregoing reasons, appellant's three assignments of error are sustained, and the judgment of the Franklin County Municipal Court is reversed, and this cause is remanded to that court with instructions to reinstate the case on its docket.
BROWN, J., and LAZARUS, P.J., concur.