DECISION AND JOURNAL ENTRY
Defendant Jeremy Shelton has appealed from two orders of the Lorain County Common Pleas Court. The first order granted the State's motion in limine and the second order denied Defendant's motion to dismiss the charges. This Court affirms.
 I.
On April 22, 1997, Defendant was indicted by the Lorain County Grand Jury on three counts of attempted murder and three counts of felonious assault. At his arraignment, Defendant entered pleas of not guilty and not guilty by reason of insanity. Prior to trial, Defendant underwent three psychological evaluations by three separate doctors.
After the three reports of the evaluations had been submitted to the court, the State filed a motion in limine seeking to prohibit Defendant from introducing testimony from the doctors on Defendant's lack of understanding of the moral wrongfulness of his actions. After a hearing, the trial court granted the State's motion. Subsequently, Defendant moved the court to dismiss the charges pursuant to Crim.R. 48(B). Another hearing was held, and the trial court denied Defendant's motion.
Defendant entered pleas of no contest to all of the counts contained in the indictment. The trial court sentenced him accordingly. Defendant timely appealed, asserting two assignments of error.
 II.
A.
 The trial court erred in granting the State of Ohio's motion in limine, which prohibited [Defendant] from introducing testimony from the examining psychologist and psychiatrist on the issue of [Defendant's] lack of understanding of moral wrongfulness, which deprived [him] of his opportunity to present a defense and deprived him of due process of law as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.
 In his first assignment of error, Defendant has asserted that the trial court erred when it granted the State's motion in limine. Defendant, however, has failed to preserve this issue for review.
A motion in limine is a "request for a preliminary order regarding the admissibility of evidence that a party believes may be improper or irrelevant, before the introduction of the evidence in the presence of the jury." State v. Rohr (Dec. 30, 1998), Summit App. No. 18908, unreported, at 9, citing State v. Mastin
(Feb. 16, 1996), Logan App. No. 8-95-18, unreported, 1996 Ohio App. LEXIS 527, at *5. "The purpose is to alert the court and counsel of the nature of the evidence in order to remove discussion of the evidence from the presence of the jury until the appropriate time during trial when the court makes a ruling on its admissibility." Rohr, supra. Unlike a ruling on a motion to suppress, a ruling on motion in limine does not preserve the record for appeal. State v. Maurer (1984), 15 Ohio St.3d 239,259, fn. 14. An appellate court need not determine the propriety of an order granting or denying a motion in limine, unless the claimed error is preserved by an objection, proffer, or ruling on the record at the proper point during the trial. Id. By pleading no contest and not going to trial, Defendant waived his right to appeal the trial court's decision on the State's motion in limine. See State v. Craft (May 14, 1998), Athens App. No. 97 CA 53, 1998 Ohio App. LEXIS 2269, unreported, at *16-17. Accordingly, Defendant's first assignment of error is overruled.
B.
 The trial court erred in overruling [Defendant's] motion to dismiss, in contravention of the mandates of [State v. Busch (1996), 76 Ohio St.3d 613.]
 In his second assignment of error, Defendant has asserted that the trial court erred when it denied his motion to dismiss pursuant to Crim.R. 48(B). Specifically, Defendant has asserted that his motion to dismiss should have been granted pursuant to State v. Busch (1996), 76 Ohio St.3d 613
because the victims did not want Defendant to be prosecuted. This Court disagrees.
In Busch, the Ohio Supreme Court determined that a trial court has the discretion to dismiss a criminal case over the objection of the prosecution if the complaining witness does not wish for the case to proceed. Busch, at syllabus. However, subsequent to the Court's ruling in Busch, the Ohio General Assembly enacted Am.Sub.S.B. No. 98, effective March 17, 1998, which superseded Busch by amending R.C. 2930.06. See Clevelandv. Hogan (1998), 92 Ohio Misc.2d 34, 43. R.C. 2930.06 (A) now provides, in pertinent part:
 A court shall not dismiss a criminal complaint, charge, information, or indictment solely at the request of the victim and over the objection of the prosecuting attorney, village solicitor, city director of law, or other chief legal officer responsible for the prosecution of the case.
 Accordingly, the trial court did not err when it denied Defendant's motion to dismiss. Defendant's second assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
SLABY, P.J., BATCHELDER, J., CONCUR.