DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Mark Boling has appealed from a judgment in the Akron Municipal Court that found him guilty of domestic violence. This Court affirms.
 I.
On June 21, 1999, an incident arose between Defendant and his live-in girlfriend Carla Valecko in which Defendant was charged with one count of domestic violence. Defendant entered a plea of not guilty, and his case proceeded to trial before a jury. On January 20, 2000, the jury returned a verdict of guilty. The trial court sentenced Defendant accordingly. Defendant timely appealed, asserting two assignments of error.
 II. A. Assignment of Error Number One The trial court erred in failing to dismiss the case against [Defendant] pursuant to [Crim.R. 48(B)] based upon the Ohio Supreme Court's ruling in State v. Busch (1996), 76 Ohio St.3d [613], where it was shown that [Defendant] met the factors outlined by the [S]upreme [C]ourt for sua sponte dismissal. (TR.PASSIM)
In his first assignment of error, Defendant has argued that the trial court erred by failing to dismiss his case pursuant to State v. Busch
(1996), 76 Ohio St.3d 613. A review of the record indicates that Defendant never filed a motion to dismiss. It appears that the trial court granted Defendant leave to file a motion to dismiss until October 22, 1999; however, Defendant failed to file such motion. Because Defendant's motion to dismiss is not part of this record, this Court need not address his argument. See Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Accordingly, Defendant's first assignment of error is overruled.
 B. Assignment of Error Number Two The trial court erred in admitting testimony pursuant to [Evid.R. 803(2)], excited utterance, prejudicing [Defendant]. (TR.PASSIM)
In his second assignment of error, Defendant has argued that the trial court abused its discretion by admitting Carla's statements to responding Akron police officer Daniel Radca. Defendant has asserted that the excited utterance exception to the hearsay rule was not applicable because the statements Carla made to officer Radca were narrative and that Carla had time to reflect on the incident. This Court disagrees.
As a preliminary matter, the admission or exclusion of evidence rests within the sound discretion of the trial court. See State v. Bresson
(1990), 51 Ohio St.3d 123, 129. The decision of the trial court will not be disturbed on appeal absent a showing of an abuse of discretion. Id. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Id.
Evid.R. 803(2) defines an excited utterance as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." The statement is admissible despite its hearsay nature if it meets the following four-part test:
 (a) that there was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still his reflective faculties and thereby make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, and thus render his statement or declaration spontaneous and unreflective,
 (b) that the statement or declaration, even if not strictly contemporaneous with its exciting cause, was made before there had been time for such nervous excitement to lose a domination over his reflective faculties, so that such domination continued
to remain sufficient to make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs,
 (c) that the statement or declaration related to such startling occurrence or the circumstances of such startling occurrence, and
 (d) that the declarant had an opportunity to observe personally the matters asserted in his statement or declaration.
(Emphasis sic.) State v. Wallace (1988), 37 Ohio St.3d 87, 89, quotingPotter v. Baker (1955), 162 Ohio St. 488, paragraph two of the syllabus. At issue in this case is the second part of the test.
The evidence in the case at bar indicates that Carla immediately went down the street to the house of Defendant's sister, Karen, after the domestic dispute.[1] Karen then went to talk to Defendant while Carla remained at Karen's house. Meanwhile, Defendant telephoned the police about the incident. When Karen arrived at Defendant's house, she telephoned Carla. Carla then spoke to Officer Radca on the phone. Officer Radca testified that Carla was very upset and crying. He further stated that Carla's voice was fluctuating from high to low as he spoke to her on the phone. Officer Radca convinced Carla to return to her house, which she did, approximately one hour after the alleged event. Officer Radca observed that Carla was still upset. He testified that she continued to cry and moved her hands while talking.
After reviewing the evidence in the case at bar, this Court concludes that the trial court did not abuse its discretion when it admitted Carla's statements to Officer Radca under the excited utterance exception. It appears from the record that Carla was still upset and under the stress of the event with no time to reflect on the domestic violence. Furthermore, her statements to Officer Radca were not narrative. Defendant's second assignment is not well taken.
 III.
Defendant's assignments of error are overruled. The judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Akron Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
BAIRD, P. J., WHITMORE, J., CONCUR
[1] Defendant has argued that the state should have called Karen to testify because she was the first person Carla visited after the fight. The fact that the state did not call Karen to testify is not an error. Moreover, this Court is compelled to mention that Defendant had an opportunity but neglected to call Karen as a witness.