DECISION
Plaintiff-appellant, State of Ohio, appeals the January 24, 2001 judgment entry of the Franklin County Municipal Court dismissing criminal charges filed against defendant-appellee, Kimberly Taylor, on the basis that the complaining witness failed to appear at a pretrial conference in violation of Loc.R. 4.07 of the Franklin County Municipal Court. For the reasons that follow, we reverse.
On March 21, 2000, appellee was charged with aggravated trespass (R.C.2911.211[A]) and assault (R.C. 2903.13[A]). The complainant was Wayne M. Sever, a private security guard. The case was scheduled for a pretrial conference to be held on January 23, 2001, and a subpoena was issued for the complaining witness on January 17, 2001.
Sever failed to appear at the pretrial conference, and defense counsel moved that the charges be dismissed. The transcript of the hearing reads as follows:
THE COURT: State of Ohio versus Kimberly Taylor.
 MR. PRISLEY: Your Honor, this is 2000 CRB 7108. It is my understanding defense has a motion to make at this time.
THE COURT: Mr. Sutton?
 MR. SUTTON: Your Honor, this is a private filing. This case was set for pretrial yesterday. To my knowledge there was no prosecuting witness who appeared. Defense would make a motion to dismiss based on a local rule that mandates that the prosecuting witness on a private filing appear. Miss Taylor has been incarcerated for the past 18 days.
THE COURT: Is there an argument contra?
 MR. PRISLEY: Well, I'm familiar with the local rule. It is also my understanding that there is no actual remedy associated with that local rule. I know there is at least one reported case that is contrary to that argument that that is not the remedy at pretrial, that we don't have to have the prosecuting witness here for pretrial. Although, we certainly will have the prosecuting witness here at jury trial, Your Honor.
 THE COURT: Well, this doesn't appear to be a private filing. The issuing officer is a Corporal Wayne Sever.
 MR. PRISLEY: To my knowledge, your Honor, he was the security guard at the apartment complex where this occurred who was the victim in this case, so he is a private security.
 MR. SUTTON: Correct. If you read the assault complaint, he is the victim listed in that complaint, Your Honor.
 THE COURT: Due to the complainant's failure to appear at pretrial, the motion is granted and the charge is dismissed. [Tr. 2-3.]
By entry dated January 24, 2001, the trial court dismissed all the charges against appellee solely on the basis of the complainant's failure to appear for the pretrial after being duly subpoenaed. It is from this entry that the State of Ohio appeals raising the following three assignments of error:
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DISMISSING THE CHARGE OF ASSAULT PURSUANT TO LOCAL RULE 4, OVER THE OBJECTION OF THE PROSECUTION, BASED SOLELY UPON THE NON-APPEARANCE OF THE COMPLAINING WITNESS ON THE PRETRIAL DATE.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE STATE BY DISMISSING THE CHARGE OF ASSAULT OVER THE OBJECTION OF THE PROSECUTION, BASED SOLELY UPON THE NON-APPEARANCE OF THE VICTIM ON THE PRE-TRIAL DATE IN VIOLATION OF OHIO REVISED CODE SECTION 1901.20(A)(2).
THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING THE CHARGE AGAINST THE APPELLEE, OVER THE OBJECTION OF THE PROSECUTOR, IN VIOLATION OF CRIMINAL RULE 48(B), WHEN THE COURT FAILED TO FIND EITHER THAT A DEPRIVATION OF DEFENDANT'S CONSTITUTIONAL AND/OR STATUTORY RIGHTS EXISTED OR THAT THE DISMISSAL SERVED THE INTERESTS OF JUSTICE.
In its first assignment of error, the state contends that the trial court erred in dismissing the charges against appellee solely because the complaining witness failed to appear at the pretrial conference as required by Loc.R. 4.07 of the Franklin County Municipal Court. We agree.
Loc.R. 4.07 provides as follows:
 Pretrial procedure. When a pretrial conference is ordered the following persons are required to attend: The prosecutor assigned to the case, trial counsel, the defendant, the arresting officer or the complaining witness. It is the duty of respective counsel to enforce the appearance of the defendant or the prosecution witness.
Recently, this court recognized the legitimate problems resulting from the failure of the complaining witness to appear at a pretrial conference, but indicated that such a failure, in and of itself, is not a basis to dismiss criminal charges over the objections of the prosecutor.
 The failure of a person who initiates a private criminal filing to appear at the pretrial conference on the charge he or she filed can have a far more detrimental effect. When a person who initiates a private filing does not appear at the pretrial conference, his or her desire to continue pursuing the charge may not be known. The ability to provide discovery is affected. Plea negotiations as a practical matter can be prevented.
 Given the tens of thousands of criminal charges which are processed by the Franklin County Municipal Court each year, pretrial conferences for charges are a practical necessity. Where a party which has initiated a criminal charge fails to respond to a subpoena to attend the pretrial conference, the attendance by the judge, defense counsel and the defendant can become a vain set of acts. Therefore, the trial judge has the discretion to consider dismissal of the charge as an option.
 As noted above, we believe the trial court has inherent power to dismiss charges for a variety of reasons. Violation of Loc.R. 4 is merely a factor which the trial court can consider in the exercise of its inherent authority, but violation of Loc.R. 4 does not authorize dismissal in and of itself. [State v. Noland (June 26, 2001), Franklin App. No. 01AP-159, unreported.]
Again, we reiterate that while a trial court has discretion to dismiss charges for a variety of reasons, the failure of the complaining witness to appear at the pretrial conference in violation of Loc.R. 4.07 is not, per se, a valid basis for dismissal of the criminal charges over the objections of the prosecutor. However, the complainant's failure to appear may have detrimental consequences on the administration of justice which, if properly articulated by the trial court, may provide a valid basis for dismissal. See State v. Busch (1996), 76 Ohio St.3d 613, 615; Crim.R. 48(B).
A variety of factors may and should be considered such as: whether the complainant has expressed a desire to continue pursuing the charges despite his or her absence; the degree to which discovery is necessary and whether such discovery can proceed despite the complainant's absence; the extent to which the complainant's presence is otherwise vital to the prosecution of the charges; the seriousness of the charges; the reasons, if known, for the complainant's absence; and whether any continuances of the pretrial conference have previously been granted.
Here, the transcript of the proceedings and the judgment entry of dismissal clearly indicates that the sole basis for dismissal was the failure of the complainant to appear at the pretrial conference and nothing more. As such, we find that the trial court abused its discretion in dismissing the charges against appellee solely on this ground. Appellant's first assignment of error is well-taken and is sustained.
Our resolution of appellant's first assignment of error renders appellant's second and third assignments of error moot.
For the foregoing reasons, appellant's first assignment of error is sustained, and appellant's second and third assignments of error are declared moot. The judgment of the Franklin County Municipal Court is reversed and this cause is remanded for further proceedings.
 _________________ LAZARUS, J.
BRYANT, P.J., and TYACK, J., concur.