DECISION
{¶ 1} Plaintiff-appellant, State of Ohio ("prosecution"), appeals from the May 24, 2002 bond entry of the Franklin County Municipal Court sua sponte dismissing the criminal case over the objection of the prosecution. For the following reasons, we reverse and remand.
 {¶ 2} On May 23, 2002, defendant-appellee, Geoffrey K. Ferguson ("Ferguson"), was arrested and charged with domestic violence and assault for punching Clarinda V. Watkins ("Watkins"), mother of his children, in her face and pulling her hair.[1] Columbus Police Officer Michael Secrest swore the complaint.
 {¶ 3} On May 24, 2002, Ferguson was arraigned.[2] Ferguson appeared in court, represented by counsel. The trial court, after inquiring as to the wishes of both Ferguson and Watkins, dismissed the criminal case. The prosecution objected to the dismissal of the complaint on the grounds that the trial court's decision was in violation of State v. Busch (1996), 76 Ohio St.3d 613, Crim.R. 48, and the local rules of the court.
 {¶ 4} It is from this judgment that the prosecution timely appeals, assigning the following assignment of error:[3]
 {¶ 5} "The trial court abused its discretion by dismissing the charges against the appellee, over the objection of the prosecutor, in violation of Criminal Rule 48(B), when the court failed to find either that a deprivation of defendant's constitutional and/or statutory rights existed or that the dismissal served the interests of justice."
 {¶ 6} First, the prosecution contends that the trial court dismissed the charges against Ferguson without making the required findings of fact and reasons required by Crim.R. 48(B), which provides:
 {¶ 7} "If the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal."
 {¶ 8} Under Crim.R. 48, the trial court may dismiss a case over the prosecution's objection if the defendant's constitutional or statutory rights have been violated or if the dismissal serves the interests of justice. State v. Clipner (Sept. 14, 1999), Franklin App. No. 98AP-1477. If the trial court dismisses a case pursuant to Crim.R. 48(B), the trial court is required to make the requisite findings of fact on the record. Id. See, also, State v. Noland (June 26, 2001), Franklin App. No. 01AP-159 (when entering a dismissal, the trial court must make findings consistent with Crim.R. 48[B]).
 {¶ 9} In this case, the trial court failed to abide by the mandates of Crim.R. 48(B). The trial court stated no findings or reasons for dismissal. The transcript of the arraignment proceedings reads, in pertinent part:
 {¶ 10} "THE COURT: Mr. Ferguson, do you wish to proceed against Ms. Watkins?
 {¶ 11} "DEFENDANT FERGUSON: (Shakes head.)
 {¶ 12} "THE COURT: Dismissed.
 {¶ 13} "MR. PETERSON [prosecutor]: Judge, we are going to object. Judge, one second — —
 {¶ 14} "THE COURT: No.
 {¶ 15} "(Discussion held off the record.)
 {¶ 16} "MR. PETERSON: Judge, we would object under State v. Bush [sic] as well as Criminal Rule 48 as well as local rules. Judge, the prosecuting witnesses in this case are not — are not the complainants. This is a police filing.
 {¶ 17} "THE COURT: I understand all that. You're right, but I'm dismissing it anyway." (Tr. 4.)
 {¶ 18} The trial court failed to make the required findings of fact and reasons for the dismissal, specifically whether Ferguson's rights had been violated or whether the dismissal served the interests of justice. As such, we conclude that the trial court erred in dismissing the domestic violence and assault charges filed against Ferguson. See State v. Lowe (June 19, 2001), Franklin App. No. 00AP-1130.
 {¶ 19} Additionally, the prosecution argues that continuing to prosecute the case against the wishes of Ferguson did not present constitutional or statutory violations. The prosecution contends that dismissing the case upon the wishes of the victim and over the objections of the prosecution was not the intent of the legislature in drafting R.C. 1901.20(A)(2) which prohibits dismissal of charges solely at the request of the complaining witness and over the objection of the prosecution.
 {¶ 20} R.C. 1901.20(A)(2) provides:
 {¶ 21} "A judge of a municipal court does not have the authority to dismiss a criminal complaint, charge, information, or indictment solely at the request of the complaining witness and over the objection of the prosecuting attorney, village solicitor, city director of law, or other chief legal officer who is responsible for the prosecution of the case."
 {¶ 22} Strictly speaking, R.C. 1901.20(A)(2) is not applicable to this case because the complaining witness, Officer Secrest, did not request that the criminal complaint be dismissed. Thus, R.C. 1901.20(A)(2) does not address the situation here in which an alleged victim, who is not the complaining witness, does not wish to proceed. Here, both the complaining witness and the prosecution were ready and willing to proceed. Nevertheless, the clear intent of the general assembly in enacting R.C. 1901.20(A)(2) is to provide the prosecution with the discretion to proceed on a domestic violence complaint without the active participation, or perhaps even in the face of opposition, from the victim. Clipner, supra.
 {¶ 23} In addition, the prosecution contends that the facts of the case do not support a finding that the dismissal should be affirmed on the basis that it served the interests of justice. Specifically, the prosecution contends that the trial court failed to consider the five factors enumerated in Busch before dismissing the charges of domestic violence. These factors are:
 {¶ 24} "The seriousness of the injuries, the presence of independent witnesses, the status of counseling efforts, whether the complainant's refusal to testify is coerced, and whether the defendant is a first-time offender * * *."
 {¶ 25} While Busch has essentially been legislatively superseded, this court has previously held that "the factors provided in Busch still provide valuable guidelines which a court should consider before dismissing a charge in a domestic case." Clipner, supra. In this case, the trial court did not articulate on the record any of the Busch factors. The trial court simply inquired if Ferguson wanted to proceed against Watkins, and if Watkins wanted to proceed against Ferguson, and thereafter dismissed the case. At arraignment, the prosecution stated that Ferguson had no prior acts of violence, but had six prior order-ins for failing to appear for court on other matters. (Tr. 3.) The prosecution also stated that Ferguson had not been spoken to regarding his wishes as a victim of the offenses. We find that the trial court erred in dismissing the case without considering the five factors in Busch on the record. Accordingly, the prosecution's sole assignment of error is well-taken.
 {¶ 26} For the foregoing reasons, the prosecution's sole assignment of error is sustained. This case is reversed and remanded to the Franklin County Municipal Court with instructions to reinstate the case on its active docket.
Judgment reversed and remanded with instructions.
BRYANT and KLATT, JJ., concur.
[1] Watkins was also arrested and charged with domestic violence and assault for knowingly causing physical harm to Ferguson, by scratching him on the left side of his face and the left side of his torso with her fingernails.
[2] Watkins also appeared in court, with counsel, and was arraigned at the same time.
[3] The prosecution also appealed the trial court's bond entry dismissing the criminal complaint against Watkins (02AP-659). On June 26, 2002, this court denied the prosecution's motion for consolidation of the two appeals, but coordinated the appeals for purposes of oral argument.