OPINION
{¶ 1} Plaintiff-appellant, City of Columbus, appeals from the Franklin County Municipal Court's pretrial dismissal of misdemeanor traffic charges against defendant-appellee, Quincy L. Storey. Because the trial court did not abuse its discretion in dismissing the charges, we affirm that judgment.
 {¶ 2} Appellee was arraigned on a series of misdemeanor traffic charges on October 21, 2002. After a number of continuances,[1] the case finally came on for trial on June 30, 2003, at 11:00 a.m. The identification of appellee as the driver of the vehicle in question was to be the key factual issue at trial. However, due to miscommunication within the prosecutor's office, the police officers who allegedly could identify appellee as the driver of the vehicle were not subpoenaed to appear in court at the scheduled 11:00 a.m. trial time. Rather, the officers were on a "call-in sheet" (meaning they would only have to appear if called). Because the officers were not present when the trial was scheduled to commence, and the assistant prosecutor did not want to request another continuance, the assistant prosecutor offered appellee a plea bargain to reduced charges. Apparently, appellee and his counsel initially accepted that plea bargain. However, appellee changed his mind and rejected the plea shortly before it was to be presented to the trial court at approximately 12:30 p.m.[2]
 {¶ 3} Because the city's identification witnesses were not present, the city could not proceed with its case. Therefore, the trial court dismissed the case. Although the dismissal entry indicates that appellee's motion to dismiss was granted, the record reflects that the case was dismissed sua sponte by the trial court. The record also suggests that the trial court may have initially dismissed the case when the assistant prosecutor was out of the courtroom. Upon the assistant prosecutor's return, the trial court appeared to reconsider its decision as it heard arguments from counsel. During that argument, the assistant prosecutor neither requested a continuance nor expressed a desire or ability to immediately proceed with trial. The assistant prosecutor did begin to explore the possibility of delaying the commencement of the trial so he could contact his witnesses, but the trial court quickly rejected that suggestion and indicated that the case was dismissed.
 {¶ 4} On appeal, appellant assigns the following error:
The trial court abused its discretion by sua sponte dismissing the instant case over the objection of the state where such dismissal operated as a summary judgment; was not the result of a constitution [sic] violation, statutory violation, or manifest injustice; and where the balance of interests mandated that the trial court should have allowed the state either to proceed immediately to trial or a brief postponement of the case.
 {¶ 5} Appellant first argues that the trial court's dismissal of the case was improper because the trial court assumed the role of the trier of fact and, without hearing any evidence, determined that the factual element of identification could not be made. In essence, appellant contends that the trial court made a pretrial determination that the city could not carry its burden. However, appellant's argument mischaracterizes the basis for the trial court's dismissal.
 {¶ 6} The trial court made no substantive findings or rulings in connection with the dismissal. The trial court did not determine that the city's substantive evidence was deficient. Rather, the trial court dismissed the case on procedural grounds based upon the city's inability to timely proceed with its case. Therefore, this case is distinguishable from State v. Shaw,
Franklin App. No. 02AP-1036, 2003-Ohio-2139, a case upon which appellant relies.
 {¶ 7} In Shaw, the trial court went beyond the face of the complaint in granting the defendant's motion to dismiss after a pretrial evidentiary hearing. Because the trial court did not confine itself to the face of the indictment in ruling on a substantive legal issue, this court reversed. In doing so, we noted that the Ohio Rules of Criminal Procedure do not allow for summary judgment on an indictment prior to trial. Id., citingState v. Tipton (1999), 135 Ohio App.3d 227, 228. If a motion to dismiss requires examination of evidence beyond the face of the complaint, it must be presented as a motion for acquittal under Crim.R. 29 at the close of the state's case. Shaw, supra, citing State v. Brown (Apr. 26, 1999), Athens App. No. 98CA14. As previously noted, in the case at bar, the trial court's dismissal did not reflect a substantive ruling. The case was dismissed on procedural grounds for want of prosecution. Therefore, Shaw is not controlling.
 {¶ 8} Crim.R. 48(B) recognizes by implication that trial judges may sua sponte dismiss a criminal action over the objection of the prosecutor, since the rule sets forth the procedure for doing so. State v. Busch (1996),76 Ohio St.3d 613, 615.[3] The rule does not limit the reasons for which a trial judge might dismiss a case, and the Supreme Court of Ohio has held that a judge may dismiss a case pursuant to Crim.R. 48(B) if a dismissal serves the interest of justice. Id. However, the trial court must state on the record its findings of fact and reasons for the dismissal. Crim.R. 48(B).
 {¶ 9} Appellant argues that the trial court failed to make findings or state the reasons for the dismissal on the record. We disagree. The trial court's findings and reasons for the dismissal are reflected in the transcript of the exchange between counsel and the trial court. The trial court found that the trial was set to begin at 11:00 a.m. At 12:30 p.m., the trial court wanted the city to proceed with its case. However, the city was unprepared to proffer its identification witnesses as they had not been subpoenaed. Thus, the dismissal entry indicated "No I.D." Additionally, the trial court noted that this case previously had been scheduled for trial. Therefore, in essence, the trial court dismissed the case for want of prosecution. These findings and reasons for the dismissal are minimally sufficient to comply with Crim.R. 48(B).
 {¶ 10} Appellant, however, also argues that the trial court's dismissal of the case was not in the interest of justice. The standard of review in assessing the propriety of the trial court's dismissal of criminal charges over the objection of a prosecutor is abuse of discretion. Id. at 616; State v. Taylor
(Aug. 23, 2001), Franklin App. No. 01AP-158. Abuse of discretion connotes more than an error of law or judgment. State v.Hancock (1990), 67 Ohio App.3d 328, citing Klever v. Reid Bros.Exp., Inc. (1951), 154 Ohio St. 491. An abuse of discretion implies that the trial court's attitude, as evidenced by its decision was unreasonable, arbitrary, or unconscionable. Busch,
supra, at 616, citing State v. Jenkins (1984),15 Ohio St.3d 164, 222; see, also, City of Cleveland v. Bacho, Cuyahoga App. No. 81600, 2002-Ohio-6832 (trial court has the discretion to dismiss cases for a variety of reasons, which include the failure of the citing officer to appear for trial of the traffic matter).
 {¶ 11} Here, we fail to see how the trial court's dismissal of the case constituted an abuse of discretion under these circumstances. It was apparent that the city was not prepared to proceed with trial in the absence of its identification witnesses. The assistant prosecutor did not express a desire or ability to proceed immediately with the case against appellee. The assistant prosecutor did not request a continuance of the trial date. Although it appears the assistant prosecutor began to explore the possibility of a short postponement, he did not directly request a postponement. Nor was it clear how much time would have been needed to get the identification witnesses to the courtroom. It should also be noted that this case had been scheduled for trial once before. Accordingly, given that the trial court has the "inherent power to regulate the practice before it and protect the integrity of its proceedings," Busch,
supra, at 615, citing Royal Indemn. Co. v. J.C. Penney Co.,Inc. (1986), 27 Ohio St.3d 31, 33-34, we conclude that the trial court's dismissal of the case does not constitute an abuse of discretion when the city was unable to proceed with its case.
 {¶ 12} Therefore, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
Petree, J., concurs.
Lazarus, P.J. concurs in judgment only.
[1] On November 13, 2002, appellee requested and was granted a continuance of 60 days for a second pretrial hearing. On January 12, 2003, the court granted a continuance of the pretrial hearing to March 5, 2003. Additionally, the trial date, initially set for April 30, 2003, was continued to June 30, 2003.
[2] Appellee's counsel indicated that if appellee pled to the reduced charges, he would be subject to a one-year driver's rights suspension for lack of proof of insurance.
[3] Crim.R. 48(B) provides:
If the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal.