[Cite as *State v. Murray*, 2016-Ohio-7364.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO.   CA2016-01-005 |
| Plaintiff-Appellant, | : | |
| | | O P I N I O N |
| | : | 10/17/2016 |
| - vs - | | |
| | : | |
| MICHAEL MURRAY, | : | |
| Defendant-Appellee. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2014 CR B 03623


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellant

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for appellee


**M. POWELL, P.J.**

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals a decision of the Clermont County Municipal Court dismissing three misdemeanor counts of endangering children against defendant-appellee, Michael Murray.

{¶ 2} On June 26, 2014, Murray allegedly suffered a drug overdose in the presence of his three children. Emergency medical personnel responded and administered Narcan,

a drug often used to treat overdoses. In the course of the overdose investigation, officers found heroin and fentanyl at the premises. As a result, the state filed two complaints in Clermont County Municipal Court charging Murray with three misdemeanor counts of endangering children, case no. 2014 CR B 03623 ("endangering children charges"), and with one felony count of drug possession, 2014 CR A 03624 ("municipal court felony"). Murray pled not guilty to these charges and the municipal court scheduled the endangering children charges for trial or plea and the municipal court felony for preliminary hearing. On September 11, 2014, Murray failed to appear for these proceedings and the municipal court issued a bench warrant for his arrest in each of the two cases.

{¶ 3} On March 5, 2015, the Clermont County Grand Jury returned an indictment for two felony counts of drug possession stemming from the June 26, 2014 incident, case no. 2015 CR 00123 ("indicted felonies"), and a warrant on indictment was issued for Murray's arrest. On November 12, 2015, Murray was arrested upon the outstanding warrants in all three cases. The next day, both the common pleas and municipal courts held bond hearings for the charges filed in their respective courts. At the municipal court hearing, upon motion of the state, the municipal court dismissed the municipal court felony, as it was included in the indicted felonies. Therefore, the municipal court felony was never the subject of a preliminary hearing, or waiver thereof.

{¶ 4} On December 12, 2015, Murray pled guilty in common pleas court to one count of drug possession in the indicted felonies case. Five days later, Murray filed a motion to dismiss the endangering children charges, alleging the continued maintenance of those charges in municipal court violated Crim.R. 5(B), which requires the municipal court to bind over any pending misdemeanor charges with any pending felony charges arising from the same "act or transaction." The municipal court rejected Murray's argument that the court was divested of jurisdiction once the related felony charges were indicted, noting that the

rule permits the municipal court to retain misdemeanor charges for "good cause." Further, the municipal court noted several public policy considerations supporting joinder of the related felony and misdemeanor charges. These policy considerations focused on the heavy burden placed on the parties, courts, and taxpayers, to concurrently prosecute the same case in different courts.

{¶ 5} The municipal court found that Crim.R. 5(B)(1) did not "technically" apply to the procedural posture of this case. Nonetheless, the municipal court interpreted Crim.R. 5(B)(1) as eliminating any prosecutorial discretion to prosecute indicted felony charges in the common pleas court and file related misdemeanor charges in municipal court unless the prosecution can demonstrate "good cause" to do so. The municipal court further found that the prosecution established "no cause, much less good cause" why the endangering children charges should remain in municipal court and granted Murray's motion to dismiss those charges. It is from this dismissal that the state appeals.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING THE CASE PURSUANT TO CRIMINAL RULE 5(B).

{¶ 8} The state presents three issues for review and argument in support of its sole assignment of error. First, the state argues the municipal court abused its discretion dismissing the endangering children charges pursuant to Crim.R. 5(B) because the rule does not apply to the procedural posture of this case. Second, the state argues the municipal court abused its discretion dismissing the endangering children charges for failing to indict Murray for the endangering children misdemeanors in conjunction with the indicted felonies because such action is not mandated by the Criminal Rules or the Revised Code. Third, even if the state violated Crim.R. 5(B), the court abused its discretion dismissing, as opposed to transferring, the endangering children charges.

{¶ 9} Pursuant to R.C. 2945.67, a prosecuting attorney may appeal as a matter of right any decision of a trial court in a criminal case dismissing all or part of an indictment, complaint, or information. A reviewing court assesses whether a trial court erred by dismissing a criminal charge under an abuse of discretion standard. *State v. Busch*, 76 Ohio St.3d 613, 616 (1996). "A review under the abuse-of-discretion standard is a deferential review." *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, ¶ 14. An abuse of discretion is more than an error of law or judgment. Rather, it suggests the "trial court's decision was unreasonable, arbitrary or unconscionable." *State v. Perkins*, 12th Dist. Clinton No. CA2005-01-002, 2005-Ohio-6557, ¶ 8.

{¶ 10} Crim.R. 5(B)(1) provides, in pertinent part:

> [i]n felony cases a defendant is entitled to a preliminary hearing unless waived in writing. If the defendant waives preliminary hearing, the judge or magistrate shall forthwith order the defendant bound over to the court of common pleas. <u>Except upon good cause shown, any misdemeanor, other than a minor misdemeanor, arising from the same act or transaction involving a felony shall be bound over or transferred with the felony case</u>.

(Emphasis added.) It is clear from the language of the rule that it does not apply to the procedural posture in this case because there was neither a preliminary hearing nor a waiver of the preliminary hearing in regards to the municipal court felony. Rather, the prosecutor dismissed the municipal court felony after the grand jury returned an indictment for the same charge before a preliminary hearing was conducted or waived. Moreover, the procedural posture of this case does not fall within Crim.R. 5(B), as the rule states a "preliminary hearing shall not be held * * * if the defendant is indicted." Crim.R. 5(B) applies to situations where the state files related felony and misdemeanors charges in the municipal court, and requires the misdemeanor charges to be bound over with the related felony charges. The rule does not address the situation of this case where the state files misdemeanor charges in municipal court and the grand jury returns a separate indictment

on related felony charges.

{¶ 11} In this case, the state may prosecute the misdemeanor charges separately in municipal court because a related felony charge was not bound over to the common pleas court. *See* Crim.R. 7(A) (providing the state may prosecute misdemeanor charges in courts inferior to the common pleas court). Thus, the municipal court abused its discretion by relying solely on Crim.R. 5(B) to dismiss the endangering children charges.

{¶ 12} While Murray concedes that Crim.R. 5(B) is inapplicable to this case, he asserts that although the municipal court dismissed the endangering children charges solely under Crim.R. 5(B), the decision was actually a dismissal "in the interests of justice" pursuant to Crim.R. 48(B). This rule provides "[i]f the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal." The Ohio Supreme Court explained the bounds of Crim.R. 48(B), stating, "[w]e need look no further than Crim.R. 48(B) for authority for trial judges to dismiss criminal actions sua sponte." *State v. Busch*, 76 Ohio St.3d 613, 615 (1996) (explaining "[t]he rule does not limit the reasons for which a trial judge might dismiss a case, and we are convinced a judge may dismiss a case pursuant to Crim.R. 48(B) if a dismissal serves the interests of justice").

{¶ 13} In *Busch*, the state charged a defendant with two counts of domestic violence. *Busch* at paragraph two of the syllabus. The alleged victim of the offenses made several appearances in court, where she repeatedly requested dismissal of the charges because she wished to maintain a family relationship with the defendant, who was the father of one of her children and enjoyed a father-offspring relationship with her other two children. *Id.* at paragraph five of the syllabus. The alleged victim further informed the trial court the incidents were isolated and occurred while experiencing a difficult time in their relationship, they had been actively participating in counseling, she did not fear that the defendant would

ever assault her again, and coercion did not influence her desired dismissal of the charges. *Id.* Despite the state's opposition, the trial court dismissed the charges. *Id.* at paragraph eight of the syllabus.

{¶ 14} Consistent with the trial court's decision to dismiss the domestic violence charges, the Ohio Supreme Court stated, "[t]rial judges are at the front lines of the administration of justice in our judicial system, dealing with the realities and practicalities of managing a caseload and responding to the rights and interests of the prosecution, the accused, and the victims. A court has the 'inherent power to regulate the practice before it and protect the integrity of its proceedings.'" *Id.* at 615, quoting *Royal Indemn. Co. v. J.C. Penney Co.*, 27 Ohio St.3d 31, 33-34 (1986). The court further provided that a reviewing court may consider the following factors in determining whether the trial court abused its discretion in dismissing a domestic violence case pursuant to Crim.R. 48(B): "[t]he seriousness of the injuries, the presence of independent witnesses, the status of counseling efforts, whether the complainant's refusal to testify is coerced, and whether the defendant is a first-time offender * * *."

{¶ 15} Here, the municipal court dismissed three counts of endangering children against Murray, in violation of R.C. 2919.22(A), which provides in part: "[n]o person, who is the parent * * * of a child under eighteen years of age * * * shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support." The dismissed charges in this case do not involve domestic violence; however, a Crim.R. 48(B) "interests of justice" dismissal necessarily involves a consideration of the safety and well-being of the child victims. A trial judge should consider the degree of danger the defendant's conduct presented to the child victims, the risk to the child victims of further exposure to danger, and whether the defendant has engaged in efforts to mitigate any continued risk to the safety of the child victims. In dismissing the misdemeanor charges against Murray, the

municipal court noted many public interest factors supporting joinder for prosecution of related felony and misdemeanor charges. However, in doing so, the municipal court ignored the private interests implicated by the dismissal and specifically the safety and well-being of the child victims. The municipal court's failure to consider the private interests involved in dismissing the endangering children charges was an abuse of discretion.

{¶ 16} The sole assignment of error is therefore sustained, and this matter is reversed and remanded for further proceedings consistent with this opinion.

RINGLAND and PIPER, JJ., concur.