The STATE of Ohio, Appellant,

v.

HANCOCK, Appellee.

[Cite as *State v. Hancock* (1990), 67 Ohio App.3d 328.]

Court of Appeals of Ohio,
Athens County.

No. 1415.

Decided April 13, 1990.

*Michael Ward,* Prosecuting Attorney, for appellant.

*J. Michael Westfall,* for appellee.

HOMER E. ABELE, Presiding Judge.

This is an appeal from an Athens County Common Pleas Court judgment dismissing a four-count indictment against appellee, George Clifford Hancock. The court dismissed the indictment after the state refused to comply with an order compelling the disclosure of the identity of a confidential informant. We affirm.

"Assignment of Error I

"The Court erred in granting the defendant's motion for more particular disclosure of material information requiring the state to identify its confidential informant to defendant.

"Assignment of Error II

"The Court erred in granting defendant's motion for sanctions dismissing the case as defendant made no showing of any need for the informant's name and address to properly prepare the defense of the case.

"Assignment of Error III

"The Court erred in dismissing the case against defendant prior to a hearing on the defendant's motion to suppress evidence.

"Assignment of Error IV

"The Court erred in dismissing this action because the defendant had independent knowledge of the informer's whereabouts and could have located

the defendant and therefore did not need disclosure from the state to prepare his defense."

On December 22, 1987, a "confidential informant" contacted the Athens Police Department, gave a description of appellee's car and stated that appellee had drugs in the car. Later that evening an officer stopped appellee's car and charged appellee with OMVI. The OMVI charge was subsequently dismissed. After the stop, the officers searched appellee's car and his home. The officers obtained evidence of illegal drugs in both searches.

On April 26, 1988, the Athens County Grand Jury indicted appellee on three counts of trafficking in drugs in violation of R.C. 2925.03(A)(6) and one count of trafficking in drugs in violation of R.C. 2925.03(A)(6). On May 10, 1988, appellee filed a request for a bill of particulars and demand for discovery. On May 10, 1988, appellant filed a bill of particulars and response to discovery. In its response to discovery the state disclosed that laboratory tests revealed two latent fingerprints on a bag of psilocybin mushrooms taken from appellee's car. The laboratory report showed that the prints were not those of appellee.

On July 9, 1988, appellee filed a motion for more particular disclosure of material information, requesting the state to provide appellee with the name and other information concerning the confidential informant used by the state. Appellee contended the information was favorable both as evidence of a potential entrapment defense and as evidence the arrest for OMVI was actually a pretext to search for drugs.

On November 9, 1988, the court ordered the state to disclose the necessary information to permit appellee to subpoena the informant. The court also ordered disclosure of whether the fingerprints found on the bag were those of the informant.

The state refused to comply with the court's order and filed a motion to reconsider. On December 13, 1988, appellee filed a motion for sanctions. On December 16, 1988, the court reaffirmed its earlier order by overruling appellant's motion to reconsider. The state continued to refuse to disclose the information ordered by the court, and on February 22, 1989, the court dismissed the indictment.

After the state filed its brief in this appeal, appellee filed a motion to dismiss the appeal on the basis that the state had not filed a timely appeal of the court's order of disclosure. On June 22, 1989, we overruled the motion to dismiss. In that decision we stated:

"While we agree appellant failed to file a timely notice of appeal from the disclosure order, we find appellant brought the instant notice of appeal not

from that order, but from the dismissal order. We have jurisdiction to determine whether the court properly dismissed the indictment as a sanction for appellant's failure to comply with the disclosure order."

Appellant raised four assignments of error. In each, appellant's argument focused on whether disclosure should have been ordered rather than on whether dismissal was an appropriate sanction. We will address all the assignments of error together.

The court's order to disclose the identity of the confidential informant was a final appealable order. See *State v. Port Clinton Fisheries, Inc.* (1984), 12 Ohio St.3d 114, 12 OBR 157, 465 N.E.2d 865. The state waited until the court dismissed the cases before appealing and the only issue we can now address is whether the court ordered an appropriate sanction for the state's failure to comply with the order.

Although we do so quite reluctantly, we affirm the lower court's dismissal of the four-count indictment.

Crim.R. 16(E)(3) states:

"If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."

Crim.R. 16(E)(3) gives the court discretion to determine the sanction to be imposed for nondisclosure of discoverable information. Our inquiry is limited to a determination of whether the court's action constituted an abuse of discretion. See *State v. Parson* (1983), 6 Ohio St.3d 442, 6 OBR 485, 453 N.E.2d 689.

The Ohio Supreme Court has defined "abuse of discretion" as a decision which is "arbitrary, unreasonable, or unconscionable * * *." *Sandusky Properties v. Aveni* (1984), 15 Ohio St.3d 273, 275, 15 OBR 408, 409–410, 473 N.E.2d 798, 800. "Abuse of discretion" "connotes more than an error of law or judgment * * *." *Klever v. Reid Bros. Express, Inc.* (1951), 154 Ohio St. 491, 43 O.O. 429, 96 N.E.2d 781.

The court allowed the state several months to comply with the order of disclosure. The record indicates the prosecutor was unable to comply with the court's order because the police would not disclose the information to the prosecutor. The state's refusal to comply even included the portion of the court's order to disclose whether or not the fingerprints on the bag were those of the informant.

The court was faced with the difficult decision of determining an appropriate sanction for refusal to comply with a discovery order. The court, in its discretion, chose to dismiss the indictment. While we would not have dismissed the indictment, we find the court's action was not "arbitrary, unreasonable, or unconscionable." Accordingly, we find no abuse of the court's discretion and we affirm the decision of the lower court.

*Judgment affirmed.*

GREY and HARSHA, JJ., concur in judgment only.