JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Philip E. Pavarini, Jr. Appeals from his conviction for speeding in violation of Section 433.03 of the Cleveland Codified Ordinances. For the reasons set forth below, we affirm.
 {¶ 2} On June 28, 2004, defendant was cited under Cleveland Codified Ordinance Section 433.03 for traveling at 47 m.p.h. in a 25 m.p.h. zone. Defendant pled not guilty and the matter was set for trial on July 15, 2004. The record indicates that the officer who issued the citation was present at this time, but the matter was continued until July 29, 2004, at the defendant's request in order that he could obtain discovery.
 {¶ 3} On July 12, 2004, defendant sent a demand for discovery to the city prosecutor and on July 20, 2004, defendant filed this document with the court.
 {¶ 4} The record further reveals that the officer who issued the citation was not present for the July 29, 2004 trial date and, at the request of the prosecutor, the matter was reset for August 4, 2004.
 {¶ 5} On this date, defendant made an oral motion to dismiss the matter for failure to timely receive discovery from the city and for alleged violation of his right to a speedy trial. The trial court denied the motions and the matter proceeded to trial. Cleveland Police Officer Michael Betley testified that on June 28, 2004, he was working uniformed traffic detail in a marked police car on Broadway Avenue and observed defendant speeding. He activated his radar unit and determined that defendant was going 47 m.p.h. in a 25 m.p.h. zone. He further established that he calibrated the radar device before leaving the station and determined that it was accurate.
 {¶ 6} Defendant denied that he was going 47 m.p.h. and noted that other vehicles were on the roadway when he was cited. He was not certain that he was traveling at 25 m.p.h., however.
 {¶ 7} Defendant was convicted of the offense and fined $50 plus court costs.[1]
 {¶ 8} Defendant's first and second assignments of error are interrelated and state:
 {¶ 9} "The trial court erred by failing to dismiss the case when the Plaintiff-Appellee did not respond to Defendant-Appellant's request for discovery within a reasonable time."
 {¶ 10} "Plaintiff-Appellee's failure to answer Defendant-Appellee's discovery requests in a responsive or timely manner unfairly prejudiced the Defendant's right to a fair trial."
 {¶ 11} Within these assignments of error, defendant complains that he did not receive discovery from the city prosecutor until the August 4, 2004 trial date. He also complains that he did not know that the discovery demand had to be filed with the court.
 {¶ 12} The purpose of discovery rules is to protect against the surprise testimony of an undisclosed witness to the prejudice of the accused. See State v. Heinish (1990), 50 Ohio St.3d 231, 553 N.E.2d 1026;Lakewood v. Papadelis (1987), 32 Ohio St.3d 1, 511 N.E.2d 1138. In the event the rules of discovery are violated, Crim.R. 16(E)(3) grants the trial court discretion to impose whatever sanction on the noncomplying party it deems just under the circumstances. State v. Adkins (1992),80 Ohio App.3d 211, 608 N.E.2d 1152; State v. Wiles (1991),59 Ohio St.3d 71, 571 N.E.2d 97. An abuse of that discretion implies more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 13} The Ohio Supreme Court has held that a trial court does not abuse its discretion by permitting the prosecution to proceed with evidence that was not disclosed to the defendant if it can be shown that the failure to provide discovery was not willful, that foreknowledge of the statement would not have benefitted the defendant in the preparation of the defense, and that the defendant was not prejudiced by the admission of the evidence. See State v. Heinish, supra; State v. Parson
(1983), 6 Ohio St.3d 442, 453 N.E.2d 689.
 {¶ 14} In this matter, we find no abuse of discretion. The record does not indicate that the city's failure was willful. Moreover, there has been no showing that foreknowledge of the information sought by defendant would have benefitted the defendant in preparation of the defense, or that defendant suffered prejudice as a result of the city's conduct. Further, although defendant complains that discovery was provided three hours "after trial had begun" this contention is not supported in the record as no substantive proceedings had occurred at the time this issue was addressed by the court. Finally, although defendant claims that he would have learned that some of the requested information was actually in the possession of the Cleveland Police if the city had responded more promptly, the city cannot be held responsible for defendant misdirecting his request for information.
 {¶ 15} The first and second assignments of error are overruled.
 {¶ 16} Defendant's third assignment of error states:
 {¶ 17} "The trial court erred in its failure to dismiss the case for lack of prosecution when the police officer failed to appear for trial on July 29, 2004."
 {¶ 18} In this assignment of error, defendant complains that pursuant to City of Cleveland v. Bacho, Cuyahoga App. No. 81600, 2002-Ohio-6832, the trial court erred in refusing to dismiss the matter upon the failure of the citing officer to appear for trial scheduled on July 29, 2004.
 {¶ 19} In Bacho, supra, this court held that a trial court is vested with inherent power to regulate its proceedings and has discretion to dismiss cases for a variety of reasons, including the failure of the citing officer to appear for trial of the traffic matter. The Court stated:
 {¶ 20} "In State ex rel. Left Fork Mining Co. v. Fuerst (Dec. 21, 1999), 1999 Ohio App. LEXIS 6356, Cuyahoga App. No. 13009, this court stated that, `Ohio courts have long recognized a trial judge's inherent power to regulate procedure in the cases before the court. State v.Busch, 76 Ohio St.3d 613, 1996 Ohio 82, 669 N.E.2d 1125.' State ex rel.Left Fork Mining Co., 1999 Ohio App. LEXIS 6356 at *9. Further, the trial court has the discretion to dismiss cases for a variety of reasons, which include the failure of the citing officer to appear for trial of the traffic matter. See State v. Taylor (Aug. 23, 2001), 2001-Ohio-App. LEXIS 3696, Franklin App. No. 01AP-158."
 {¶ 21} Abuse of discretion connotes more than an error of law or judgment. State v. Hancock (1990), 67 Ohio App.3d 328, 586 N.E.2d 1192. An abuse of discretion implies that the trial court's attitude, as evidenced by its decision was unreasonable, arbitrary, or unconscionable. State v. Busch, supra, at 616.
 {¶ 22} In this matter we find no abuse of discretion. The trial court had already continued the matter at defendant's request, the city had not previously requested a continuance, and the second continuance was extremely brief.
 {¶ 23} This assignment of error is without merit.
 {¶ 24} Defendant's fourth assignment of error states:
 {¶ 25} "The trial court erred in not dismissing the charges based on the violation of Defendant-Appellant's right to a speedy trial."
 {¶ 26} Defendant next claims that the matter should have been dismissed because he was not tried within thirty days of the June 28, 2004, citation.
 {¶ 27} Defendant was charged with a minor misdemeanor. Cleveland Codified Ordinances Section 433.03; Cleveland v. Benn, Cuyahoga App. No. 80674, 2002-Ohio-3796. A person against whom a minor misdemeanor is pending must be brought to trial within 30 days of the person's arrest or service of summons. R.C. 2945.71(A). The defendant's motions or actions may extend that time. R.C. 2945.72(E). Further, requests for discovery are also tolling events for speedy-trial purposes. State v. Brown,98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159.
 {¶ 28} Here, the citation was issued on June 28, 2004. The matter was set for trial on July 15, 2004, seventeen days later. The matter was continued until July 29, 2004, at the defendant's request in order that he could obtain discovery. Speedy trial time was therefore tolled during this interval. On July 29, 2004, time again began to run, and the matter was continued at the request of the prosecuting attorney. Trial was held on August 4, 2004, twenty-three days after the issuance of the citation. No speedy trial violation occurred in this matter.
 {¶ 29} Defendant's fifth assignment of error states:
 {¶ 30} "The trial court erred in ordering a continuance of the July 20, 2004,[trial] since nothing is indicated in the Ohio Rules of Criminal Procedure or the Cleveland Municipal Court Local Rules regarding filing discovery with the court."
 {¶ 31} Crim.R. 49 governs service and filing of papers in criminal cases and provides:
 {¶ 32} "(A) Service: when required. Written notices, requests for discovery, designation of record on appeal, written motions other than those heard ex parte, and similar papers, shall be served upon each of the parties.
 {¶ 33} "(B) Service: how made. Whenever under these rules or by court order service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon the party shall be made in the manner provided in Civil Rule 5(B).
 {¶ 34} "(C) Filing. All papers required to be served upon a party shall be filed simultaneously with or immediately after service. Papers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed. The proof of service shall state the date and the manner of service and shall be signed and filed in the manner provided in Civil Rule 5(D)."
 {¶ 35} Accordingly, since papers served on the opposing party must be filed with the court, the trial court did not err in requiring defendant to file his demand for discovery with the court.
 {¶ 36} This assignment of error is without merit.
 {¶ 37} Defendant's sixth assignment of error states:
 {¶ 38} "The trial court erred in holding a pro se defendant to the same standards as a litigant represented by counsel."
 {¶ 39} Within this assignment of error, defendant complains that he did not know that he was required to file discovery requests with the court and serve them upon the prosecution, and that the trial court should not have held him to the same standard as a practicing attorney.
 {¶ 40} In Mayfield Heights v. Molk, Cuyahoga App. No. 84703, 2005-Ohio-1176, this court held that pro se litigants are "presumed to have knowledge of the law and of correct legal procedure and [are] held to the same standard as all other litigants." Accord Siemientkowski v.Moreland Homes, Inc., Cuyahoga App. No. 84758, 2005 Ohio 515; Kilroy v.B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357, 363, 676 N.E.2d 171.
 {¶ 41} Further, the record reveals that the trial court advised defendant of the correct procedure on July 5, 2004.
 {¶ 42} This assignment of error is without merit.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., and Calabrese, Jr., J., Concur.
[1] The sentence was stayed pending this appeal.