[Cite as *Cleveland v. Pinner*, 2020-Ohio-3725.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,                    :

    Plaintiff-Appellant,          :

                      No. 109029

    v.

TOMMISHA PINNER,                      :

    Defendant-Appellee.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** July 16, 2020

---

Criminal Appeal from Cleveland Municipal Court
Case No. 2019 TRD 23623

---

### *Appearances:*

Barbara Langhenry, Cleveland Law Director, and Alisa
Boles, Assistant City Prosecutor, *for appellant.*

LARRY A. JONES, SR., J.:

{¶ 1}  In this appeal, plaintiff-appellant the city of Cleveland challenges the trial court's decision to, pretrial, sua sponte dismiss this case against defendant-appellee Tommisha Pinner ("Pinner").  For the reasons that follow, we reverse and remand.

{¶ 2} The record before us shows that, on July 26, 2019, Pinner was cited by Cleveland Police Officer David Morova ("Officer Morova") for violating Cleveland Codified Ordinances 431.17, which governs "right-of-way when turning left." The section provides as follows:

> The operator of a vehicle, streetcar, or trackless trolley intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right-of-way to any vehicle, streetcar, or trackless trolley approaching from the opposite direction, whenever the approaching vehicle, streetcar, or trackless trolley is within the intersection or so close to the intersection, alley, private road, or driveway as to constitute an immediate hazard.

{¶ 3} The incident report describes a three-vehicle accident caused by Pinner. Pinner told Officer Morova that she did not see the car travelling in the opposite direction as she attempted to make a left-hand turn, and "turned into [it], causing the accident"; the car Pinner hit then hit another car. Emergency medical services responded and provided on-the-scene treatment to at least one occupant of the involved vehicles.

{¶ 4} On August 9, 2019, Pinner pleaded not guilty to the complaint and the matter was set for trial. On the trial date, Officer Morova and Pinner appeared, and the case was called. The assistant prosecuting attorney for the city informed the trial court that there would be no plea offer because an accident resulted from the incident and it was the policy of the chief city prosecutor to not offer pleas when traffic infractions resulted in accidents. The trial court told the assistant prosecuting attorney that it did not agree with that policy and that it believed having insurance, which Pinner did, should be a mitigating factor.

{¶ 5} The trial court then questioned Officer Morova as to whether he had witnessed the accident. The officer told the court that he had not, but he based the charge on Pinner's admission on the scene. The assistant prosecuting attorney informed the court that, because of the 30-day limit under the speedy-trial statute, no witnesses had been subpoenaed. Because no eyewitnesses to the accident were present, the trial court dismissed the case. The trial court told Pinner that her "insurance is gonna follow up."

{¶ 6} The city now appeals, raising the following sole assignment of error for our review: "The trial court abused its discretion when it dismissed the charge sua sponte before trial."

{¶ 7} "'Ohio courts have long recognized a trial judge's inherent power to regulate procedure in the cases before the court.'" *State ex rel. Left Fork Mining Co. v. Fuerst*, 8th Dist. Cuyahoga No. 13009, 1999 Ohio App. LEXIS 6356, 9 (Dec. 21, 1999), quoting *State v. Busch*, 76 Ohio St.3d 613, 669 N.E.2d 1125 (1996). Under their power, trial courts have the discretion to dismiss cases for a variety of reasons. *See generally State v. Taylor*, 10th Dist. Franklin No. 01AP-158, 2001 Ohio App. LEXIS 3696, 5-6 (Aug. 23, 2001).

{¶ 8} Trial courts have the authority to dismiss cases for want of prosecution pursuant to Crim.R. 12(C), for example, when witnesses have not been subpoenaed or fail to appear.[1] Further, Crim.R. 48(B) recognizes by implication that

---

[1]Generally, the Ohio Traffic Rules would apply in this case. The rules are silent, however, with respect to a trial court's dismissal of a case and, therefore, under Traf.R. 20, "the Rules of Criminal Procedure and the applicable law apply." Traf.R. 20.

trial judges may sua sponte dismiss a criminal action over the objection of the prosecutor, since the rule sets forth the procedure for doing so. *State v. Busch*, 76 Ohio St.3d 613, 615, 669 N.E.2d 1125 (1996). The rule does not limit the reasons for which a trial judge might dismiss a case, and the Supreme Court of Ohio has held that a judge may dismiss a case pursuant to Crim.R. 48(B) if a dismissal serves the interest of justice. *Id.* However, the trial court must state on the record its findings of fact and reasons for the dismissal. Crim.R. 48(B).

{¶ 9} The standard of review in assessing the propriety of the trial court's dismissal of criminal charges over the objection of a prosecutor is abuse of discretion. *Busch* at 616; *Taylor* at 7. Abuse of discretion connotes more than an error of law or judgment. *State v. Hancock*, 67 Ohio App.3d 328, 331, 586 N.E.2d 1192 (4th Dist.1990), citing *Klever v. Reid Bros. Exp., Inc.*, 154 Ohio St. 491, 96 N.E.2d 781 (1951). An abuse of discretion implies that the trial court's attitude, as evidenced by its decision was unreasonable, arbitrary, or unconscionable. *Busch* at *id.*, citing *State v. Jenkins*, 15 Ohio St.3d 164, 222, 473 N.E.2d 264 (1984); *see also Cleveland v. Bacho*, 8th Dist. Cuyahoga No. 81600, 2002-Ohio-6832 (trial court has the discretion to dismiss cases for a variety of reasons, which include the failure of the citing officer to appear for trial of the traffic matter).

{¶ 10} The basis of the trial court's dismissal here was that the drivers and occupants of the other vehicles involved in the incident had not been subpoenaed and were not present. It is true, as mentioned, that the state did not subpoena the drivers of the two other vehicles involved in the accident. But Officer Morova was

present. His testimony, as the responding officer to the scene, would have provided a sufficient basis to support each and every element of the charge. *See Cleveland v. Jones*, 8th Dist. Cuyahoga No. 63912, 1993 Ohio App. LEXIS 838 (Feb. 18, 1993). It may have been that the trial court did not find his testimony credible (a weight of the evidence issue), but it nonetheless would have been sufficient to establish the violation; the lack of testimony of the other drivers and occupants involved in the accident did not rise to a want of prosecution in this case. If, after taking testimony, the court found the testimony and evidence incredible, it could have found Pinner not guilty.

{¶ 11} Moreover, having insurance is not a defense to a traffic citation. *See State v. Minne*, 2d Dist. Montgomery No. 23390, 2010-Ohio-2269, ¶ 22 (The motorist's contention that her insurance costs could be raised also failed to satisfy the requirements for newly discovered evidence to vacate the motorist's guilty plea to a speeding citation because insurance costs were not material to any issue that could have been contested at trial.). If a trial court must determine "the general issue" of the case that the state had to prove at trial then it may not consider outside evidence. *State v. Knox*, 8th Dist. Cuyahoga Nos. 103662 and 103664, 2016-Ohio-5519, ¶ 15, citing *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 18. The issue of insurance would have been outside evidence to the "general issue" of the case, that being, whether Pinner violated Cleveland Codified Ordinances 431.17.

{¶ 12} In light of the above, the trial court abused its discretion in dismissing the complaint pretrial. The assignment of error is sustained.

{¶ 13} Judgment reversed; case remanded for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR